**Robert H. MILLER, Regional Director of Region 20 of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Plaintiff—Appellee,**

v.

**PACIFIC MICRONESIA CORPORA- TION, dba Dai–Ichi Hotel Saipan Beach, Defendant—Appellant.**

No. 01–16621.

D.C. No. CV–99–00044–ARM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2002.

Decided March 1, 2002.

Before D.W. NELSON, NOONAN and HAWKINS, Circuit Judges.

MEMORANDUM *

Pacific Micronesia Corporation ("Dai–Ichi") appeals from the decision of the district court granting the Regional Director of the National Labor Relations Board ("NLRB"), relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure and the subsequent granting of an injunction against Dai–Ichi under 29 U.S.C. § 160(j) ("§ 10(j) injunction"). Because the district court granted Rule 60(b)(6) relief based on grounds barred under the time limitation applicable to Rules 60(b)(2) & (3), we reverse the order granting Rule 60(b)(6) relief and thereby vacate the 10(j) injunction.

Motions for relief from a judgment under Rule 60(b) are reviewed for abuse of discretion. *See American Ironworks & Erectors Inc. v. North American Constr. Corp.,* 248 F.3d 892, 899 (9th Cir.2001).

The bases of the NLRB's motion for Rule 60(b) relief were fraud and newly discovered evidence, consisting of false testimony given at the original administrative hearing. Fraud and newly discovered evidence are bases for relief under Rule 60(b)(2) & (3). In this case, though, 60(b)(2) or (3) relief was unavailable to the NLRB because it failed to bring its motion within the one year limitation period applicable to those rules. The NLRB attempted to skirt the one-year limitation by filing its motion for relief from judgment under Rule 60(b)(6). However, "[t]he longstanding rule in this circuit is that, clause (6) and the preceding clauses are mutually exclusive; a motion brought under clause (6) must therefore be for some other reason than the five reasons preceding it under the rule ... that must be so, if the one year limitation period is not to be repealed by judicial fiat." *Lyon v. Agusta S.P.A.,* 252 F.3d 1078, 1088–89 (9th Cir.2001) (internal quotation marks and citation omitted); *see also Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 863–64 & n. 11, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988); *Baltia Air Lines v. Transaction*

---

*Mgt., Inc.,* 98 F.3d 640, 642–43 (D.C.Cir. 1996). The NLRB's "extraordinary circumstances" consist merely of a "public interest" factor, unrecognized in this circuit, and a recitation of facts explaining, but not excusing, its delay in seeking 60(b)(2) and (3) relief.

The district court abused its discretion in granting the NLRB's motion for Rule 60(b)(6) relief based on grounds that were properly time barred under other parts of Rule 60(b). The order granting Rule 60(b)(6) relief is

REVERSED.

Since we reverse the district court's grant of Rule 60(b)(6) relief, the subsequent grant of an injunction under 29 U.S.C. § 160(j) is

VACATED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.